GARDEN, JUDGE:
During the June, 1980 term of the Circuit Court of Marion County, the grand jury returned a felony indictment against the claimant, an employee of the respondent, for allegedly violating *393 the State election laws. As a result, the Alcohol Beverage Control Commissioner, Norwood Bentley, III, suspended the claimant without pay as of June 5, 1980. At the time of his suspension, the claimant had been an employee of the respondent for 19 1/2 years and had advanced to the position of manager of State Store Number 100 in Fairmont. On September 15, 1980, the claimant voluntarily resigned from his position. The claimant was thereafter found not guilty of the felony charge, by a jury in the Circuit Court of Marion County, on October 17, 1980.
Claimant contends that his suspension on June 5, 1980, was improper and that the Commissioner had no jurisdiction to take such action. The claimant is thus seeking an award of $4,271.52, representing the total amount he would have earned from June 5, 1980, to September 15, 1980. In addition, during this period the claimant paid a total of $287.72 in health insurance premiums which would have been paid by the respondent had claimant not been suspended, and he is seeking recovery of this amount. Respondent, in its Answer, admits the allegations of the Notice of Claim, but further alleges that suspension of the claimant was necessary after the indictment was returned against him.
This Court has been unable to find any decision of the West Virginia Supreme Court of Appeals relating to the issue presented in this claim, and none has been presented to us by counsel for the respondent. Had the claimant been a “classified service” employee as defined in Code 29-6-2, he could have very easily appealed his suspension to the Civil Service Commission pursuant to Code 29-6-15. Then, if the Commission found that the suspension was without good cause, it could, among other things, return the claimant to his former position without loss of pay. However, managers and clerks of liquor stores are not covered by Civil Service; as a matter of fact, Code 29-6-4 specifically prohibits them from being so covered. There is no comparable statutory provision establishing an appellate procedure for the dismissal, demotion, or suspension of a State employee who is not covered by Civil Service.
The Commissioner advised the claimant of his suspension by letter dated June 5,1980, stating that the reason for the suspension was claimant’s arrest on a felony charge for violation of the election laws. In that letter, the Commissioner also quoted, in part, Section 4.18 of the General Rules and Regulations of the West Virginia Alcohol Beverage Control Commissioner as follows:
*394 “(a) Employees of state Alcohol Beverage Control Commission stores and agencies will be expected at all times, on duty and off, to conduct themselves with propriety, and (b) Employees committing a breach of law. . . may be suspended... while a report is made to the central office for investigation..
The Commissioner further advised that, as a direct violation of these regulations, the claimant was suspended for a period of six (6) months or until such time as the pending charge was resolved.
We believe that the respondent, in suspending the claimant on June 5,1980, shortly after his arrest, acted permaturely and without jurisdiction. The arrest of anyone for the commission of a felony or any other crime is not tantamount to a conviction. The words of the Rules and Regulations, “committing a breach of law,” must be interpreted to include a conviction for such breach of law. A mere accusation of a felony charge is and was not sufficient to trigger the respondent’s suspension authority. For these reasons, an award is made in favor of the claimant in the amount of $4,559.24.
Award of $4,559.24.